**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PHILIP PHILEMON MONTGOMERY,

       Plaintiff pro se,

                                                         No. CIV 02-1291 MV/LFG

vs.

THE HARTFORD FINANCIAL SERVICES
GROUP, INC., aka "THE HARTFORD,"
HARTFORD INSURANCE COMPANY OF
THE MIDWEST,

       Defendants.

consolidated with

PHILIP PHILEMON MONTGOMERY,

       Plaintiff pro se,

vs.                                                             No. CIV 03-0007 MV/LFG

THE HARTFORD FINANCIAL SERVICES
GROUP, INC., aka "THE HARTFORD,"
HARTFORD INSURANCE COMPANY OF
THE MIDWEST,

       Defendants.
and

PAUL SAMUEL MONTGOMERY,

       Plaintiff pro se,

vs.

                                                           No. CIV 02-1612 MCA/LFG

THE HARTFORD FINANCIAL SERVICES
GROUP, INC., aka "THE HARTFORD,"
HARTFORD INSURANCE COMPANY OF
THE MIDWEST,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Consolidation **[Doc. No. 69]** and Memorandum in Support thereof **[Doc. No. 70]**, filed April 1, 2003.  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED.**

Motions to consolidate are governed by Rule 42(a) of the Federal Rules of Civil Procedure, which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a).  Accordingly, "[w]here the subject matter of the claims made in separate actions arise out of the same transaction and involve common issues of law and fact, the actions have been consolidated where the rights of the parties will be adequately protected."  *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) (citation omitted).  Once the Court has determined that there are common questions of law or fact, it "should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F.Supp. 1560, 1572 (D.N.M. 1994) (citing *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D.Cal. 1989)).  "Whether to grant a motion to consolidate under Rule 42(a) is in the trial court's discretion."  *Id.* (citations omitted).

On October 15, 2002, pro se Plaintiff Philip Philemon Montgomery (Plaintiff I) filed a complaint alleging fraud, breach of contract, and bad faith on the part of his automobile insurance carrier, The Hartford Financial Services Group (Hartford), No. CIV 02-1291-MV/LFG.  On January

3, 2003, Plaintiff I filed an additional complaint against Hartford, claiming libel and infliction of mental distress, No. CIV 03-0007-MV/LFG, based on statements made by Hartford's attorneys while responding to Plaintiff I's motions in the original case, No. CIV 02-1291-MV/LFG. On January 7, 2003, United States Magistrate Judge Lorenzo Garcia consolidated the two actions sua sponte **[Doc. No. 27]** in No. CIV 02-1291-MV/LFG.

On January 9, 2003, Plaintiff I's brother, Paul Samuel Montgomery (Plaintiff II), filed an Amended Complaint for libel and infliction of mental distress, No. CIV 02-1612-MCA/LFG, based on the same statements that formed the basis of Plaintiff I's libel complaint, now consolidated with Plaintiff I's original action.

Defendant Hartford requests consolidation of Plaintiff II's Amended Complaint with the previously consolidated actions (No. CIV 02-1291-MV/LFG).

The Court finds that common issues of law and fact exist in both actions, and that consolidation is warranted. Plaintiff II's complaint arises from the same set of facts as Plaintiff I's claim of libel and infliction of mental distress. The claims are related to the same underlying event, the issues raised by the two complaints are similar, and the two cases involve the same Defendants and defense counsel. Plaintiffs in each case argue against consolidation because of the complexities that would result from such action. Plaintiff II also emphasizes that the two plaintiffs have incompatible views regarding the litigation and that Defendants *may* raise different defenses in each case.

However, the Court finds that these considerations do not warrant denial of consolidation. Neither plaintiff has demonstrated how any alleged prejudice or confusion will result; their responses only offer conclusory statements and conjecture. Moreover, plaintiffs' attempts to distinguish the cases on factual and legal grounds are unavailing. While the legal arguments may differ in each, the

-4-

events underlying the claims remain the same and the claims for libel and infliction of mental distress raise similar legal issues.

Accordingly, the Court adopts the recommendation of Magistrate Judge Lorenzo F. Garcia to consolidate the cases for all purposes, including trial **[Doc. No. 113]**.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Consolidate **[Doc. No. 69]** is granted, and Case No. CIV 02-1612-MCA/LFG, styled *Montgomery v. Hartford Financial, et al.*, is consolidated with Case No. CIV 02-1291-MV/LFG, styled *Montgomery v. Hartford Financial, et al.* The Court further directs that all future filings in Case No. CIV 02-1612-MCA/LFG shall be filed in CIV 02-1291-MV/LFG.

Dated this 9th day of June, 2003.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiffs:
Philip Philemon Montgomery, *pro se*
Paul Samuel Montgomery, *pro se*

Attorney for Defendant:
Mark J. Riley